Search - 66 Results - "4a1.2(f)" /10 diversionary    Page 1 of 4

EXHIBIT C

Source: Legal > Cases - U.S. > Federal Court Cases, Combined
Terms: "4a1.2(f)" /10 diversionary  (Edit Search)

✦Select for FOCUS™ or Delivery
☐

*41 Fed. Appx. 96, \*; 2002 U.S. App. LEXIS 14585, \*\**

UNITED STATES OF AMERICA, Plaintiff - Appellee, v. GERARDO MARTINEZ-MARTINEZ, Defendant - Appellant.

No. 00-50587

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

41 Fed. Appx. 96; 2002 U.S. App. LEXIS 14585

June 4, 2002, Argued and Submitted, Pasadena, California
July 9, 2002, Filed

**NOTICE:** [\*\*1] RULES OF THE NINTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** Appeal from the United States District Court for the Southern District of California. D.C. No. CR-99-03567-NAJ. Napoleon A. Jones, District Judge, Presiding.

**DISPOSITION:** AFFIRMED IN PART, REVERSED IN PART, and REMANDED.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant appealed from his conviction and sentence entered in the United States District Court for the Southern District of California, pursuant to a guilty plea for importation of marijuana in violation of 21 U.S.C.S. §§ 952 and 960, asserting that the statutes were facially unconstitutional under the Apprendi decision, and that his sentence was improperly calculated under the sentencing guidelines.

**OVERVIEW:** Defendant first attacked his conviction by arguing that 21 U.S.C.S. §§ 952 and 960 violated the rule of Apprendi, because they required the determination of drug quantity and the applicable maximum sentence to be made by the judge rather than a jury. The court rejected that argument, because it had previously held that the statutes in fact did not require that the issue of drug quantity be committed to the sentencing judge rather than the jury. However, the trial court record was unclear concerning the use of defendant's prior juvenile sentences to increase his Criminal History Category and therefore his sentence. The court referred to minute orders that reflected the adjudication of defendant's guilt, but the court file was devoid of any copies of the minute orders. Defendant argued he had merely been "diverted" outside the traditional penal system of juvenile detention, and the record on appeal did not show that such was not the case.

**OUTCOME:** The conviction was affirmed, but the matter was remanded for resentencing, because the government had not met its burden of showing that defendant's admissions referred to in the PSR from his juvenile proceedings were tantamount to adjudications of guilt by a guilty plea.

**CORE TERMS:** juvenile, sentence, minute, criminal history, supervised, score, guilty plea, countable, adjudication of guilt, juv, crt, sentencing, diversionary, resentencing, three-year, quantity, counted, probation officer, reasonable doubt, calculation, sentenced, addendum, ward

## LexisNexis(R) Headnotes ✦ Hide Headnotes

Criminal Law & Procedure > Criminal Offenses > Controlled Substances > Delivery, Distribution & Sale
**HN1** The determination of drug quantity under 21 U.S.C.S. § 960 does not violate the Apprendi rule, because the statute does not require that the issue of drug quantity be committed to the sentencing judge rather than the jury. More Like This Headnote

Criminal Law & Procedure > Sentencing > Sentencing Guidelines Generally
**HN2** Under the sentencing guidelines, the government has the burden of proving the existence of countable prior sentences by a preponderance of the evidence. More Like This Headnote

**COUNSEL:** For UNITED STATES OF AMERICA, Plaintiff - Appellee: David Frank, AUSA, USSD - OFFICE OF THE U.S. ATTORNEY, Mark R. Rehe, OFFICE OF THE U.S. ATTORNEY, San Diego, CA.

For GERARDO MARTINEZ-MARTINEZ, Defendant - Appellant: Angela Marie Krueger, FEDERAL DEFENDERS OF SAN DIEGO, INC., San Diego, CA.

**JUDGES:** Before: FERNANDEZ, WARDLAW and W. FLETCHER, Circuit Judges.

**OPINION: [*97]**

MEMORANDUM *

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -Before: FERNANDEZ, WARDLAW and W. FLETCHER, Circuit Judges

Gerardo Martinez-Martinez ("Martinez") appeals his [**2] sentence and conviction, pursuant to a guilty plea, for importation of marijuana in violation of 21 U.S.C. §§ 952 and 960. Martinez makes a facial constitutional challenge to 21 U.S.C. §§ 952 and 960. Martinez also argues that the district court erred in calculating his criminal history category because the government did not present sufficient evidence that his prior juvenile dispositions were countable prior sentences under the Sentencing Guidelines. We affirm the conviction, but remand for resentencing.

I. Facial Constitutional Challenge to 21 U.S.C. §§ 952 and 960

Martinez challenges his conviction by arguing that 21 U.S.C. §§ 952 and 960 are facially unconstitutional under *Apprendi v. v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S.

Ct. 2348 (2000), because they require the determination of drug quantity, and therefore the establishment of the applicable maximum sentence, to be made by the judge rather than a jury. That challenge is foreclosed by our recent decision in United States v. Mendoza-Paz, 286 F.3d 1104 (9th Cir. 2002). In Mendoza-Paz, we held that *HN1* 21 U.S.C. § 960 [**3] (incorporating § 952) does not violate Apprendi because the statute does not require that [*98] the issue of drug quantity be committed to the sentencing judge rather than the jury. Id. at 1109-10 (citing United States v. Buckland, 277 F.3d 1173 (9th Cir. 2002) (en banc)).

II. Criminal History Calculation and Sentencing

Martinez has completed his 15-month term of incarceration, and is currently in his first year of a three-year period of supervised release. If his prior juvenile sentences were erroneously counted under the Guidelines, then Martinez's criminal history score drops from nine to two, placing him in Criminal History Category II (12-18 months ) instead of III (15-21 months). That could reduce Martinez's sentence from 15 to 12 months, which would consequently shorten his remaining term of supervised release by three months. Alternatively, the district court could directly reduce the term of supervised release based on the new calculations, although it would have the authority to render the same three-year term. See 21 U.S.C. § 960(b)(4); USSG § 5D1.2 (requiring court to impose a term of supervised release [**4] of at least two years but no more than three years). Thus Martinez's claim is not moot. See United States v. Verdin, 243 F.3d 1174, 1179 (9th Cir. 2001).

The Pre-Sentence Report ("PSR") counted four California juvenile dispositions for which Martinez received seven points. The PSR describes three of the dispositions as follows: "Minor admits allegations, cont'd ward of crt, 120 [or 180] days juv. facility." The remaining disposition is described as "Petition sustained, cont'd ward of crt., restitution, crt. work program." The probation officer compiling the PSR later added to the report that "the minute orders clearly reflect that the defendant admitted the allegations in each petition and the court, in turn, found the allegations cited in each petition to be true beyond a reasonable doubt." The officer also concluded in the addendum to the PSR that the sentences to a "juv. facility" did constitute "confinement" within the meaning of USSG § 4A1.2(d)(2)(A), and, therefore, that two points were properly added to Martinez's criminal history score for each adjudication. However, the minute orders were never entered into the record. n1

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 The district court makes reference to the minute orders, stating that the "adjudication of guilt . . . is reflected in the minute orders," but it appears that the probation officer never filed any copies of the minute orders with the court. Thus, it appears that the district court's knowledge of the content of the minute orders was limited to the description in the PSR and its addendum.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [**5]

The district court concluded that the criminal history score calculations in the PSR were correct, and sentenced Martinez to 15 months in custody followed by three years supervised release.

*HN2* Under the Sentencing Guidelines, the government has the burden of proving the existence of countable "prior sentences" by a "preponderance of the evidence." United States v. Romero-Rendon, 220 F.3d 1159, 1160 (9th Cir. 2000); United States v. Marin-Cuevas, 147 F.3d 889, 895 (9th Cir. 1998).

Martinez first argues that the government failed to show that he received an "adjudication of guilt" by "guilty plea, trial, or plea of nolo contendre" in his prior juvenile proceedings as required by USSG § 4A1.2(a)(1). In *United States v. Sanders, 41 F.3d 480, 486 (9th Cir. 1994),* this court held that "absent proof that the California juvenile court found [defendant] guilty beyond a reasonable doubt, the adjudication may not be used to increase [defendant's] criminal history score." [*99] Martinez also argues that his juvenile dispositions were not countable because they constituted "**diversionary** dispositions" under USSG § **4A1.2(f)**. Specifically, Martinez [**6] argues that the government failed to provide any evidence as to the type of "juvenile facility" to which Mr. Martinez was sentenced, and thus did not meet its burden of showing that he was not "diverted" outside the traditional penal system of juvenile detention.

There is insufficient evidence in the record for us to ascertain whether the "admissions" referred to in the PSR from Martinez's juvenile proceedings were tantamount to an adjudication of guilt by a guilty plea. There was no discussion in the PSR, beyond the language quoted above, as to exactly what Martinez had admitted, or whether those allegations constituted elements of a crime. Nor are we able to determine from the PSR the precise nature of Martinez's sentences to a "juv. facility." That term could encompass any number of facilities, including those offering diversionary programs. Because the minute orders were not entered into the record, we do not know whether they contain the requisite information.

We therefore find that the government failed to meet its burden of proof and we reverse and remand to the district court for re-sentencing.

REMANDED FOR RESENTENCING.

Source:   Legal > Cases - U.S. > Federal Court Cases, Combined
Terms:    **"4a1.2(f)" /10 diversionary** (Edit Search)
View:     Full
Date/Time: Monday, November 29, 2004 - 3:05 PM EST

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved